# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>TRACEY BROWN,<br><br>    Defendant | Case No.: 2:11-cr-00334-APG<br><br>**ORDER**<br><br>[ECF Nos. 293 - 296, 303, 306, 307, 310, 311, 313 - 317] |

In 2015, a jury convicted defendant Tracey Brown of Interference with Commerce by Robbery (Hobbs Act robbery),[1] Felon in Possession of a Firearm,[2] and Brandishing a Firearm During a Crime of Violence.[3] I sentenced Brown to 30 years of incarceration as follows: 24 years for the Hobbs Act robbery, a consecutive term of three years for his possession of the firearm, and a further consecutive term of seven years for his brandishing of the firearm. I imposed this sentence to be served concurrent to the state sentence Brown is serving in state custody arising from conduct that is relevant to his federal conviction. Brown appealed his conviction and sentence, and the Ninth Circuit affirmed.

Brown moves under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence. He has also moved to supplement or amend his §2255 motion, to have counsel appointed, and to be provided all transcripts in both the present matter and the state criminal action.[4] The United

---

[1]    A violation of 18 U.S.C. §1951 and §2.

[2]    A violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

[3]    A violation of 18 U.S.C. §924(c )(1)(A)(ii) and §2.

[4]    Brown has actually filed multiple §2255 motions, multiple motions to amend, and multiple motions for counsel. The §2255 motions appear to be identical and I will treat them as

States opposes Brown's request for relief from his conviction and sentence. I will grant Brown's motions to amend his §2255 motion and will deny all grounds for relief except for the issue whether he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). I will not consider the merits of that issue at this time. Rather, I am appointing the Federal Public Defender to represent Brown on that issue so that it can be fully briefed.

<u>Letter Seeking Permission to File an Appeal from State Court Case (ECF No. 313)</u>

Before proceeding, I note that Brown has written a letter to the court seeking permission to file an appeal from the decisions rendered in his state court case. Brown cannot appeal the decisions of the state court in this court. The only relief he may seek from this court regarding his state conviction is under 28 U.S.C. §2254. Brown does not need permission from the court to file such a petition. Accordingly, I will construe Brown's letter as requesting that the Clerk of the Court send him the correct forms for filing a motion pursuant to 28 U.S.C. §2254, and I will so direct the Clerk.

<u>Previously Litigated and Procedurally Defaulted Grounds</u>

In this collateral review, I must dismiss any claims that Brown litigated in his direct appeal. "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) (citation omitted); *see also Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970) ("Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255."). I

---

a single motion. The multiple motions to amend or supplement, while not identical, effectively seek to add an additional ground of relief based on the Supreme Court's decision in *Davis*.

2

must also dismiss any claims as to which Brown has procedurally defaulted unless he can demonstrate both cause for and prejudice resulting from that default. A defendant procedurally defaults on any claim that he could have but did not raise in his direct appeal. The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Effective Assistance of Counsel

A criminal defendant is entitled to reasonably effective assistance of counsel. *McMann v. Richardson*, 377 U.S. 759, 771, n. 14 (1970). The right to effective assistance of counsel is the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). When a true adversarial criminal trial has been conducted, even if defense counsel has made demonstrable errors, the requirements of the Sixth Amendment have been met. *United States v. Cronic*, 466 U.S. 648, 656 (1984). Counsel is presumed competent. As such, the burden rests on the defendant to establish a constitutional violation. *Cronic* at 658.

To obtain reversal of a conviction, a petitioner must prove (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense to such a degree as to deprive the defendant of a fair trial. *Strickland*, 466 U.S. at 687-88, 692 (1984). To establish deficient performance under *Strickland*, it must be shown "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Exercising highly deferential judicial scrutiny, this court inquires "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688. "Such assessment must be made 'from counsel's perspective at the time,' so as 'to eliminate the distorting effects of hindsight.'"

*Silva v. Woodford*, 279 F.3d 825, 836 (9th Cir. 2002) (citing *Strickland*, 466 U.S. at 689). Prejudice can be presumed only "where there has been an actual breakdown in the adversarial process at trial." *Toomey v. Bunnell*, 898 F.2d 741, 744 n. 2 (9th Cir.), *cert. denied*, 111 S.Ct. 390 (1990). *See also Cronic*, *supra*.

Analysis

In his first ground for relief, Brown argues that he was illegally indicted because a grand jury witness perjured himself. Regardless of whether Brown can show cause for failing to raise this issue in his direct appeal, he cannot demonstrate prejudice. To show prejudice, Brown must establish that a ground exists sufficient to warrant the dismissal of his indictment *subsequent* to his conviction by a petite jury. The Ninth Circuit has already determined that Brown's argument that the grand jury was misled by the witness's testimony is insufficient to warrant dismissal of the indictment subsequent to his conviction. Following his conviction, Brown moved to unseal the grand jury transcript, arguing that the grand jury may have relied on "erroneous information" that the witness had provided. I denied that motion. Brown appealed and the Ninth Circuit rejected Brown's argument, stating that he "failed to show that 'a ground may exist to dismiss the indictment,' because 'even if the grand jury might have been misled . . . the existence of probable cause [wa]s not in doubt, after Brown was convicted beyond a reasonable doubt. *United States v. Caruto*, 663 F.3d 394, 402 (9th Cir. 2011)." As Brown's present ground for relief rests upon the same theory that the Ninth Circuit rejected, he cannot establish prejudice for failing to raise this specific ground in his direct appeal.

In his second ground for relief, Brown argues that the traffic stop of the vehicle in which he was a passenger, which immediately preceded his arrest, violated his Fourth Amendment rights. Brown alleges the officer who conducted the stop perjured himself both during a

suppression hearing and at his trial. To the extent this ground for relief rests upon the officer's testimony in the suppression hearing, Brown raised that claim in his direct appeal, he was given a full and fair opportunity to litigate it, and it was rejected by the Ninth Circuit. To the extent Brown's present claim rests upon the officer's trial testimony, which was consistent with his testimony during the suppression hearing, he has neither shown cause for failing to raise this argument in his direct appeal nor can he show prejudice given the Ninth Circuit's rejection of his suppression hearing argument.

In his third ground for relief, Brown argues his counsel was ineffective because he stopped Brown from challenging a ruling made by the magistrate judge regarding statements made by the driver of the vehicle, though she had not testified during the suppression hearing. The ground is without merit and contradicted by the record. In his report and recommendation, the magistrate judge did not make a ruling regarding the driver's statements. Rather, he noted her statements as part of a factual background that relied "on those portions of the arrest report . . . that are not in dispute for purposes of Defendant's Motion to Suppress." A review of that arrest report, which Brown attached to his motion to suppress, reveals that the magistrate judge's summary of the driver's statements is consistent with her statements as recited in the arrest report. Counsel's decision to neither challenge nor appeal an accurate summary of statements in the arrest report was not deficient and did not prejudice Brown.

In his fourth ground for relief, Brown asserts his counsel was ineffective because he "asked [his] attorney . . . to challenge the jurisdiction that the federal government did not have jurisdiction to charge me." This ground for relief is without merit because, in Brown's direct appeal, his counsel challenged whether the government had presented sufficient evidence to fulfill the jurisdictional element of a Hobbs Act robbery. The Ninth Circuit rejected that

argument. As counsel raised this issue on direct appeal, and fully litigated it on Brown's behalf, Brown's assertion his counsel was ineffective for failing to appeal this issue lacks merit.[5]

Brown asserts, in his fifth ground for relief, that the search of the vehicle was illegal because nobody gave permission to search the vehicle. As Brown acknowledges, he did not raise this challenge in his direct appeal. To overcome this procedural default, he must show cause and prejudice. He has not attempted to meet his burden on either factor. Further, as the record amply demonstrates, Brown cannot establish prejudice. In his own motion to suppress, Brown acknowledged that, as a passenger in the vehicle, he lacked standing to challenge the search of the vehicle. He specifically limited his argument in his motion to suppress to the issue whether he had standing to challenge the stop of the car. Further, as correctly noted by the magistrate judge in recommending that the motion to suppress be denied, Brown's acknowledgment that he lacked standing to challenge the search of the car and the seizure of its contents was accurate. This ground for relief is denied as procedurally defaulted.

In his sixth ground, Brown argues that "[t]he jury was never told about the ruling in the suppression hearing about the identification suggestive [sic]." Brown asserts he has not previously raised this challenge. Brown did, however, challenge the pre-trial identification in his motion to suppress, which motion this court denied. He appealed that denial, and the Ninth Circuit rejected that appeal. Thus, to the extent Brown is challenging the pre-trial identification, he did raise it in his appeal and he cannot relitigate it in the present motion.

---

[5] Brown argues that the witness who testified to jurisdictional facts before the grand jury did not testify during his trial. The argument is irrelevant as the government is not required to use the same witness before both the grand jury and the petite jury.

6

However, Brown is correct that he did not challenge, in his direct appeal, that the jury was not informed that I adopted the magistrate judge's recommendations and denied his motion to suppress the pre-trial identification. The ground for relief fails, however, because Brown has procedurally defaulted the claim, he has not attempted to show cause, and he cannot show prejudice. Brown's argument rests on the incorrect premise that the magistrate judge recommended that the pre-trial identification was unduly suggestive. He did not. While the magistrate judge reported that the circumstances were suggestive, he concluded that "the store clerk's identification of Defendant Brown as the person who robbed the store was not made under circumstances that were so unduly suggestive as to preclude admissibility at trial."

Brown cannot argue that the jury was not informed of the circumstances of the pre-trial identification. They were. The store clerk was both examined by the government and cross-examined by Brown's counsel regarding the circumstances of the pre-trial identification. Brown is limited to arguing that the jury was not informed of my ruling that the pretrial identification was not unduly suggestive. Given that he instead argues, incorrectly, that I ruled the pretrial identification was "suggestive and illegal," and given the jury was informed of the circumstances of the pre-trial identification, he cannot show he was prejudiced by his failure to raise this issue in his appeal.

In his seventh ground for relief, Brown asserts that the jury instructions regarding interstate commerce were insufficient to properly instruct the jury. In his eighth ground for relief, Brown asserts that he was not tried by a jury of his peers. I will liberally construe Brown's claim as alleging a *Batson* challenge. Brown raised both of these issues in his direct appeal, and both were rejected by the Ninth Circuit. Accordingly, he cannot relitigate them in his present §2255 motion.

Brown's asserts, in his ninth ground for relief, that he was given an illegal sentence because he was sentenced under the Sentencing Guidelines in effect in August 2016, rather than the Sentencing Guidelines in effect in October 2015, when he was originally scheduled for sentencing. He generally asserts he would have received a different sentence under the older guidelines. I deny this ground for relief because Brown has shown neither cause for failing to raise it in his direct appeal nor presented a coherent argument that he has been prejudiced.

Motions to Amend or Supplement (ECF Nos. 310, 314, 315 & 316)

In each of these motions, Brown moves to amend or supplement his §2255 motion to assert an additional ground for relief based on *United States v. Davis*, 139 S. Ct. 2319 (2019), which was decided after Brown filed his original §2255 motion. In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B)—the "residual clause" definition of "crime of violence"—is unconstitutionally vague. *Id.*, at 2336. The United States responds that Hobbs Act robbery, of which the defendant was convicted, is categorically a crime of violence under the § 924(c)(3)(A) "elements clause" definition of "crime of violence. In light of *Davis*, and to ensure that this issue is fully briefed and litigated, I will grant Brown's request to amend his §2255 motion to add this issue as a tenth ground for relief and I will appoint counsel to represent Brown solely on the issue whether he is entitled to relief under *Davis*.

I ORDER that petitioner Tracey Brown's Request for Permission to File an Appeal from his state court case **(ECF No. 313) is DENIED**. However, the Clerk of the Court shall forward to Brown the necessary forms for seeking relief under 28 U.S.C. §2254.

I FURTHER ORDER that petitioner Tracey Brown's Motion for Transcripts **(ECF No. 306) is DENIED.**

1   I FURTHER ORDER that Petitioner Tracey Brown's Motions to Amend or Supplement
2   his 28 U.S.C. §2255 motion **(ECF Nos. 310, 314, 315, and 316) are GRANTED IN PART**, to
3   the extent that he seeks leave to amend his §2255 motion to allege a Tenth Ground for relief
4   based on *United States v. Davis*, 139 S. Ct. 2319 (2019).

5   I FURTHER ORDER that Grounds One through Nine of Petitioner Tracey Brown's
6   Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (ECF Nos. 293,
7   295) are DISMISSED.

8   I FURTHER ORDER that, consistent with the District of Nevada's General Order 2019-
9   06, petitioner Tracey Brown's Motion for Appointment of Counsel **(ECF No. 317) is**
10  **GRANTED** and that his other Motions to Appoint Counsel **(ECF Nos. 294, 296, 303, 307, 311)**
11  **are DENIED as moot**.

12  I FURTHER ORDER that the Office of the Federal Public Defender is APPOINTED to
13  represent Brown to determine whether he may, under *Davis*, qualify for relief as an additional
14  ground for relief under his 28 U.S.C. §2255 motion and to present for adjudication any petitions,
15  motions or applications relating thereto that the Federal Public Defender deems appropriate.

16  If the Federal Public Defender has a conflict and may not represent Brown, the Federal
17  Public Defender will file a motion requesting that CJA counsel be appointed to represent him
18  according to the regular procedures of the District of Nevada for the appointment of counsel.

19  The United States Probation Office and the United States District Court Clerk's Office
20  are authorized to disclose to the Federal Public Defender, successor counsel, and the United
21  States Attorney's Office, upon request, documents from Brown's case files that are not otherwise
22  available through the judiciary's Public Access to the Court Electronic Records ("PACER")
23  service to determine Brown's eligibility for relief, to evaluate conflicts, and to file and litigate

any petitions, motions or applications under *Davis*. The Probation Office and the Clerk's Office may disclose any such documents, including plea agreements, Presentence Investigation Reports, Judgments, and any sealed documents pertinent to sentencing. Counsel may not further distribute such documents unless ordered by the court. However, this Order does not authorize the disclosure of sealed documents that would not have been accessible to all parties in the case by the time of entry of judgment or exhaustion of appellate rights.

DATED this 19th day of November, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE